24-502 and 24-593 Kozin-O'Connor v. Wiggins, Chomp, Pentesis, et al. Mr. Carter. Thank you, Your Honor. And may it please the Court. Sean Carter of Kozin-O'Connor on behalf of appellants Kozin-O'Connor, Sidley Austin, and Ellis George. For over 20 years, appellants have undertaken a massive scope of work for the benefit of thousands of plaintiffs in one of the most complicated and longest-running multidistrict litigation proceedings in the federal court system, arising from the terrorist attacks of September 11, 2001. The work that the appellants undertook was necessary to fulfill obligations imposed on the MDL leadership by the Court and necessary to prosecute the full spectrum of claims the plaintiffs in the litigation elected to pursue against a large group of al-Qaeda sponsors and supporters. It sounds like you're saying that you should receive some fees in compensation for those efforts, but have you been denied those fees? So we're entertaining an appeal from the district court's acceptance of the settlement, right? Yes, Your Honor. But does anything stop you from making a motion to the district court that says, I think there should be a common benefit fund, and I think we should get fees based on our efforts to help obtain the judgment against Iran, and what would stop the district court from entertaining that motion and maybe granting it? Your Honor, the reason we couldn't do that at this point is because those issues were raised already. The district court did consider them on their face, acknowledged the affirmative claim for  Well, no, no, no, no, no, it didn't. It said you argued that the district court should not grant the application of the Hevelish plaintiffs for a common benefit fund, and one of the reasons you gave for that was that if there was going to be one, it should be bigger. Did you ever actually move for a bigger one? We did, Your Honor. Wait, I didn't see that. Is there a cross-motion? Sure, sure. That was done in our filing at 5359 in the district court proceedings in response to the magistrate judge's order saying that she intended to create a common benefit fund focused solely on providing compensation to the Hevelish plaintiffs. And the magistrate judge said, then, in that case, everyone who thinks they're entitled to something should put in their documentation for that. Is that not right? Well, Your Honor, the magistrate judge said two things. The magistrate judge said, very specifically, we were referred to as federal below. Federal proposed that the common benefit fund should serve to compensate members of the PEC for their relative investments prosecuting the MDL of the whole. Federal counsel are not yet entitled to common benefit fees. Well, wait, wait, wait, wait, wait. That was a proposal to have one big, giant common benefit fund for everybody for everything, right? There was still created a common benefit fund with respect to the Iran judgments and the money that had come in as a result of the Iran judgments. Is that not right? Well, Your Honor, ultimately... Is that not what the magistrate judge ordered and the district court affirmed? The court said, I will create a common benefit fund related solely to the work associated with the Iran defaults. I will not create a fund from these recoveries for any of the common benefit funds. From these recoveries? Yes. Why are you not entitled, if you did work that helped to produce the Iran judgment, why are you not entitled to put in your application, document the work that you did and the fees that you think you are entitled to? Your Honor, we acknowledge that we weren't seeking common benefit compensation for the Iran work because that was done by the Hablish counsel. Well, then I don't understand what you're talking about. If there's a, if there are, if the work that you've done in general, which might benefit everyone, why doesn't that benefit the Iran case as well? And if you don't think it does, then why are you entitled to anything now? We did think it, it benefited the Iran case, the entire... Well, then why didn't you make an application supported by appropriate documentation as to the work that you did, the reasons why that work is relevant specifically to the Iran litigation and the Iran judgments, and document the fees that you think you are owed as a result of that work? Why wasn't that done in the first place? But then secondly, why couldn't it be done now? Because the judge, the settlement order simply approves a private settlement between parties that don't include you. And the motion that the Hablish plaintiffs made is, as far as I can see, denied as moot as to those people. That doesn't bind you in any way, does it? Well, Your Honor, let me clarify a few things. I was not saying that we did work that was directly necessary to procuring the Iran default. So you're not entitled to anything now, are you? Not under the court's order. Well, then why is there a problem? Because what we said was that the recoveries that were being realized via the fund were sufficient to populate a common benefit fund. And under the common benefit legal principles, that fund should have been created for purposes of compensating the full spectrum of common benefit work that was undertaken, not just the Iran default. I thought you were making an argument that you have contributed in some sense to the Iran judgment because of the development of legal theories and attorney-client relationships or something to that effect. That is correct, Your Honor. So the second point I was...  So the thing that has happened so far is there was a motion for an Iran-only benefit fund. The district court said it would create that. There was a settlement with some of the appellees. But that motion is still pending with respect to you, right? It wasn't... You didn't settle. It's not. That was a factual error in one of the briefs, Your Honor. Going back to the 2019 decision by the magistrate judge, she said that the common benefit application by Hadlisch was premature as to federal and would be denied. That was in 2019. There was an entirely new litigation, second time around, right? No, no, no. This was the second time around. The judge granted the common benefit fund as to the individual plaintiffs who were receiving from the fund. It denied it as to our clients. There's not a common benefit. Even apart from this, so would it be impossible for you now to just say to the district court, okay, the Hadlisch plaintiffs and the settling plaintiffs have reached an agreement, but that doesn't compensate us. And we have contributed to the obtaining of the Iran default judgment through the development of legal theories or attorney-client relationships. And so we make a motion that there should be a common benefit fund that will compensate us for that work. Or you could even say later we should develop an overall common benefit fund and still be compensated for the things. And the fact that there's a settlement between these two other sets of plaintiffs doesn't seem to prevent the district court from giving you that compensation, does it? Well, Your Honor, again, our understanding and reading, and I believe this is consistent with the appellee's understanding of the district court's orders, is that we had put forward the affirmative request that the fees be set aside to compensate the full spectrum of work, not just Iran. But would you answer that question? Are you prevented from doing that? Your Honor, I think we're presented because the court held to the extent appellants asked the court to set aside money now from the VSST fund recoveries for awards on behalf of non-Iran-related work, that request is denied. Now, the court construed our arguments, our work, related to broadening legal theories, to maintaining client relationships as too distant from the Iran defaults to qualify. So when the court was saying non-Iran-related work, it was referring to any work. I'm sorry, but the arguments that you made before the district court were focused on an overall common benefit fund, right? Did you sort of squarely ask the district court to give you compensation because of your work to contribute to the Iran default judgment? What we said, Your Honor, is that we didn't work on the evidence related to the Iran default judgment. That we worked on simultaneous work on other claims in the litigation that sustained client relationships and broadened the legal theories that were available. And that that entitled to- So your view is that by accepting the settlement between the Havelish plaintiffs and the Settlin plaintiffs, the district court has also denied an application from you for fees related to the Iran default judgment, is that right? That is correct, Your Honor, because- So you're saying that if you went back to the district court and you said, actually, we've done work that contributed to the Iran default judgment and we should get fees, the district court would say, I have already decided that that's not correct. That's correct, Your Honor. And I think appellees effectively made this argument themselves. They said in their- But like, but the orders that we're appealing now are just the acceptance of the settlement, right? No, Your Honor. They also, as the appellees acknowledge, mean that no common benefit fund is going to be created. Well, they think that there isn't going to be a common benefit fund created because in their view, basically, everybody who's contributed to the Iran default judgment has gotten compensation by virtue of the settlement. But you disagree with that, right? So if you told the district court, actually, we contributed also and we deserve compensation, I'm asking why wouldn't it be within the district court's authority to give you that compensation? It would be within the district court's authority, but the district court clearly determined that the type of work we did was insufficiently connected to the Iran judgment to support a common benefit. Why is this even a final order that you're appealing? Has anyone been awarded a dollar in attorney's fees? Your Honor, our understanding, based on the entire context, is that these made final the determination- No, no, no, no, no, no, no. Come on. This is a settlement. Has anyone been awarded a dollar in attorney's fees by the district court? No, because the district court viewed the settlement- And has anyone who asked for a dollar in attorney's fees been denied it? Oh, well, we have, Your Honor. Well, you did not. Where is the application that would support an award of attorney's fees? Not some abstract, what should the common benefit fund look like, but an actual application that says, here's the work we did that contributed to anything. Here are the dollar amounts that are justified, and we want this much money. I understand, Your Honor. The sequence of this was that Havlisch put in issue whether there should be a fund and how it should operate. In response to that, we agreed in the filings in late 2019 that a fund should be created, and we included in our papers a request that the court set up a process for us to submit. So there's a process is what was denied. We asked the court to appoint a special master. We proposed the criteria that should be used by that special master to award funds, the types of submissions that would be made. And the district court said, no, I'm not opening it up to that breadth of remedy. I'm limiting it to work on the Iran default. We never submitted anything. So your view is that effectively, if you read, if you interpret the district court in a particular way as to process, you're going to be denied any award. There is no question, because this argument was made when they first raised ... So we have the argument. And we'll hear from the other side, Mr. Zakharoff. Thank you, Your Honor. And you have reserved two minutes for rebuttal. Thank you. Thank you.       Thank you, Your Honor. May it please the Court, Samuel Zakharoff for the law firm, Athalis. There's only two orders that are even potentially timely for the notice of appeal here. And those are the two orders that dismiss any further dispute. These are the December orders. December orders between the settling parties. There is nothing in those orders that puts the Kozen Group sub judice. As you say, there is nothing that grants them anything. There's nothing that denies them anything. But also, Mr. Carter is ... I'm sorry. Go ahead. Oh, yeah. I was going to say, I mean, you could argue if the district court is approving the settlement between all of these plaintiffs, that then all of the funds are going to change hands and compensate everybody for work on the Iran default judgment. And therefore, Kozen won't be able to recover anything based on bad work that it claims that it has done. So why wouldn't that be a final decision as to them that prevents them from recovering? I think, Judge Menasche, that part of it has to do with the nature of an MDL. Most of the cases that are cited are either statutory fee cases or class actions where the court is in the position of formally awarding fees. In an MDL, everybody is individually represented by their own counsel. The creation of a common benefit fund is a discretionary act that the district court can engage, the transferee court can engage in, usually upon motion, but it doesn't have to. So in antitrust MDLs, for example, there's no common benefit fund typically created. To put it another way, are you saying, is it true that the district court approved the settlement? No. Did the district court need to approve the settlement? Absolutely not, Your Honor. What the district court did is say this motion is now moot as to the people who settled. That's absolutely right, Your Honor. It is in the nature of an MDL that this is a discretionary process and usually pushed off down the road. Mr. Carter cites two things for the proposition that the district court fundamentally aired here. One is the Florida Everglades air crash case from 50 years ago at the very dawn of the MDL era. Before I talk about whether the district court aired, I just want to know if it's a final judgment or if they're expanding. And so I guess that's my question. So if he thinks or if Cosen thinks its injury is it won't be able to get compensation for work that it did that contributed to the judgment so far, Mr. Carter thinks he is not able to go to the district court and say actually we did work that contributed to the Iran default judgment and we should get fees apart from whatever settlement has happened with other firms. Is there anything that would prevent them from making that motion and the district court from entertaining it? Absolutely not, Your Honor. This court in the Zyprexa case used the phrase coercive relief. That is that there must be an order directed at someone that stops them from doing something or mandates that they do something. There is no order in December that tells Cosen that they can do X or Y. Right, so it seems like the appellees, the Havelish plaintiffs and the original appellees do think that they've settled all of the fees for contributions to the Iran default judgment. But if it turned out that that wasn't true and Cosen has some kind of claim on those fees, the district court would be allowed to award additional fees, right? Yes, Your Honor. And what's more, technically the Havelish motion as against the Cosen defendant, the Cosen lawyers, is still standing there. Well, that's what I thought, but then Mr. Carter said that that was a misstatement of the record. So what is the status? So the district court dismissed the motion for a common benefit fund as to the settling plaintiffs, but it is still pending with respect to Cosen? Yes. So that means Cosen is going to have to file something explaining how it thinks a common benefit fund should be structured and who should get paid. Right. Is that right? Yes. What's clear is that the Havelish plaintiffs do not ask for contribution at this moment from the Cosen plaintiffs because the Cosen plaintiffs are not eligible for the statutory fees. Right, because they're not getting anything from the statute that Congress created. Right. They're not individuals. But if, in fact, what they think, they're still an interested party, so if they respond to that order about how the benefit fund should be structured by saying, actually we should get fees from the free rider plaintiffs because we developed legal theories, that would be an acceptable response to the order? That would be not only acceptable, that would be mandated at this point because it would be addressing the district court's determination that anybody who has a claim against the statutory fees should be filing right now, should submit their hours, should submit their expenses, should give some kind of chronicle of what they've done. And so one argument might be, well, but now they've, you know, through a settlement agreement, they've exchanged all the fees, and so there just isn't any money left for us. Is that possible? No, the money's all right there. It's the same amount of money. It's just between we had a dispute between us, which is we said we spread the peanut butter all over the bread and they said we loosened the jar for you, essentially. You mean the havelish plaintiffs? Yeah, between the havelish plaintiffs and the other, the original appellees. And so we resolved that. So you settled as between those two parties. Right. But that doesn't mean that somebody else would not be entitled to some share of money from both of the havelish plaintiffs and the settling plaintiffs. They are perfectly free, to use the language of Zyprexa, they have no coercive relief that prevents them from suing both of us. Could you, and maybe this leads to, could you unpackage for me, which is Daniel's line in the second order, I think, December 12th, 2023, order of counsel for any other party with claims against the, against Iran, impacted by the motion may contact counsel for the havelish plaintiffs if interested in attempting to reach a private settlement of the motion. What does that mean? It means that if you look at the sequence of events in this case, one group that I represent settled that with the havelish folks first. That didn't affect anybody else, including the Baumgartner group. That group subsequently settled as well, which means that 95% of the folks who represent people who are getting statutory fees are already taken care of by that settlement. So the district court said, look, I'm done with that. If anybody else wants to settle, that's fine, too, just talk to the havelish folks since they're the movements here. But anybody else can proceed as before. There is no order. If you don't proceed, if you don't, this is an order that would appear in many settlement situations that says anybody else who wants to settle, we're happy to send you the mediators. We'll send you to the magistrate judge. Come in and talk to each other. And if you don't, the case goes on. That's right. We had a magistrate judge appointed as a mediator. We had a private mediator between us. We resolved those claims. COSEN hasn't submitted anything, and so we don't know if they're going to make a claim. Could I ask one further question about the relationship of the December orders and the August order? Yes. I understand that your position is that the December orders themselves are not final orders in any way, shape, or form. But if we disagreed with that, why would any appeal from the December orders not also bring up the August order that was an interlocutory step on the way to what happened in December? Your Honor, that's a hard question. It's actually a very hard question because there's always a question whether prior acts are incorporated into the later act for statute of limitations purposes, for discovery rule purposes. This is a constant problem in the law. In this particular case, there's full transparency of what is going to happen as a result of the August order. So our view is that whatever challenges there are to the August order should be clocked from that day forward. We think that's not a final order anyway. You think neither order is a final order. But if we were to think that the December order was a final order, there would still be a separate question as to whether the August order was not therefore also a final order that would have been separately appealable. That's right, Your Honor. I've tried, but I cannot cite you cases on this point. This is a very unique case in the law. But just logically, I suppose you would say that the order granting the motion for a common benefit fund was not a step on the way toward approving a settlement between parties that led to the dismissal of the motion for a common benefit fund. They're separate questions. Right. It didn't even approve a common benefit fund. All it said was Well, that's the reason why the August order wouldn't itself be a final order. Right. Because it didn't even establish the common benefit fund. Right. And we've said that it's not a final order until there's an award of fees. Right. So that's why it wouldn't be final. But then the question as to whether if we thought the December orders were final, whether it merges, it seems like approving a settlement is not really the culmination of the August order, which was setting up the common benefit fund. It doesn't even resolve all the issues presented in the August order. So it's just a settlement between the parties and a judicial recognition. There's always the problem, to go back to Judge Lynch's problem, that in some level, everything traces back to the Big Bang. Right. But we know that the causal chain can't go back that far. Well, I mean, what's tricky about all of this is that the whole concept of there's a final judgment and there are interlocutory orders that lead up to the final judgment works very well for a case that goes to trial and results in what is clearly a final judgment, and lots of things happen along the way. The problem with attorney's fees orders is that they generally come after everything is over already and don't make non-final the judgment that would produce the attorney's fees. And then we have to figure out very often something like this about steps along the way to resolving the attorney's fees issue. This is even more complicated because in the MDL and with respect to common benefit funds, everything is very squishy and discretionary, and it makes it a little harder to figure out what would make any order here a final order other than an actual award of you get money and you don't. Judge Lynch, there's one more problem which we didn't address in our briefing, but this is an MDL, which means under 1407 the district court, the transferring court, only has jurisdiction over pretrial matters. It's never going to enter a final judgment. It's never going to enter a final order. That's why all the analogous areas of law don't work here. They don't work from the class action where the 23 approval of the fees is part of the final resolution of the case and it doesn't work like a statutory fee shifting. Well, it's never going to enter one final culminating order, but there will be final orders. If they entered an order awarding fees, you wouldn't deny that that would be a final order if a party who has a claim to fees was denied, right? There is case law saying that even that would not be a final order. Where would that be? So if everybody made claims to the money that came out of the Iran default judgment and Cozen made a claim for some of that money and the district court said, I deny it, as far as I'm concerned, we're done splitting up the fees for the Iran default judgment. Now we move on to other things. So is there still something going on in the district court? Why wouldn't that be a final judgment that Cozen could appeal? If there's a denial, yes, Your Honor, there could be. But what's going to happen in this case, and the facts are clear on this, is that there's another 10 years or 15 years of statutory fees coming on the Iran side of this also. So a court could very well say, thus far I haven't seen any work that the Cozen folks have done that has contributed to the monies that have been realized thus far, and then leave the process open. And that would be in the nature of an interlocutory decision that would not be an appealable order. So you're saying that there's always a possibility that they could recover more fees under a different theory, that they contributed to the overall MDL and so on. But if they had an argument that they contributed to the Iran default judgments and the district court issued an order that it thought resolved all contributions to the Iran default judgments, it looks like that would look like a final order. Not without a motion on their part. They have to have moved. Yes, okay. Yes, there are. There are no final orders in the sense that Judge Lynch posed. Also, I mean, we don't know what's going to happen in the future, right? The problem that the federal plaintiffs have here is that as they represent mostly corporations, they were not able to get anything from the initial fund that the government created. I suppose if we go to war with Iran and part of the settlement of the war with Iran is that, and there's just one possible hypothetical, is that they're going to provide a bunch of money or oil or something to the United States. Congress could set up another fund that might benefit the corporations. They could get money from that, and you guys would be then all over them because you've already suggested that you might hypothetically be owed something. You might be owed something if there was a something. The problem with your claim for contribution against the federal defendants is that they don't have anything to kick in at this point. That is precisely why Rule 16.1, as it was amended just in December, speaks of in the advisory committee notes that it's often wisest to push off the creation of a common benefit fund until there's more clarity on how much money is coming in from where. That's precisely support. That was an argument that they made in opposition to the original Havelish motion. It's an argument they made, and it's the opposite of the argument they're making now, which is that it's error for the district court not to have created an MDLY, common benefit fund, and that's contrary to best practices. And they want to say that that's actually a matter of law that would entitle them to some kind of mandamus because, after all, somebody at Duke thought that you actually should start early in awarding a common benefit fund. Yes, but we are not bound by academic discourse. On that note. You said it's contrary to best practice not to have the separate benefit fund. Why is that? It's contrary. In the advisory committee notes to 16.1, what they say is that the best practices have shown that this may require pushing it back. It doesn't say that it must be later on. All it says, and this is particularly complex for an MDL because there's multiple defendants here, so you don't know where the money is coming from where. All I'm responding to, Judge Menasci, is that there's no mandate that it has to be done at the front end case-wide. There's no mandate in law. It's the kind of thing where we sort of develop guidelines, maybe pursuant to our supervisory authority to sort of figure out how it's done. Why wouldn't it be a better practice if you had an overall common benefit fund? Even if you might have some intermediate payouts based on judgments that come in, but why shouldn't the framework always be an understanding that the whole MDL is one thing where everybody's contributing? Because common benefit funds come from the law of restitution and unjust enrichment. You don't know what's unjust enrichment until you know what the enrichment has been. Until you have some clarity as to where recoveries are going to come from, you can't speak of having created common benefit. There is no benefit on the table. And we are many years into this litigation, and only as a result of congressional action have there been any recoveries at all. If the district court had set up a structure that was an overall common benefit fund, but then said within that structure I'm going to have an intermediate payout for people who contributed to the Iran default judgment, would that be bad? It wouldn't be bad. It would be a discretionary act of the district court in managing the litigation in the pretrial phase that 1407 anticipates. Why don't we hear from Ms. Stemple? I'm sorry. Please, Ms. Stemple. Thank you. Thank you, Your Honor. May it please the court. Danielle Stemple for the Havlicek-Alis. I want to pick up where the colloquy with Mr. Issacharoff just ended and Judge Menasche, and just emphasize that whatever the best practices might be, and they might have changed between the Duke report to Rule 16.1, this is an area in which district courts have an immense amount of discretion, precisely because they are the ones on the ground seeing how the case is developed, engaging with these hypotheticals, Judge Lynch, about whether there will be money later. And, in fact, I can tell you it might not be quite so hypothetical. There was just $10 billion in potential Iranian assets discovered, and there are claims being made on that, including by Cozen in another case. And that's why district courts can decide the best way to structure these types of common benefit funds. And Judge Netburn and Judge Daniels properly exercise that discretion here in approving, in principle, an Iran-only fund. I want to, however— I mean, there's going to be something that they could do that would be an abuse of discretion, right? So, like, if they say, I'm going to create an Iran-only benefit fund, and there was a plausible argument that that prevented somebody who made a contribution to the Iran default judgment in the context of pursuits against other defendants, and they were effectively excluded from compensation, might that be an abuse of discretion? I don't know that that would be an abuse of discretion. I mean, hypothetically, of course, the district court could always go too far and abuse their discretion, but certainly nothing like that happened here. Common benefit— Well, the abuse of discretion standard would be rather easy to apply, I suppose, or as easy as it ever is, if there were a final judgment that looked at an application that said, this is precisely what we did, and this is precisely why we are entitled to money, and the district court said, no, you're not, because then we could look at that documentation and decide whether that was a ruling that was within the wide bounds of discretion or whether that was just nuts. Absolutely, Your Honor, and that's the Michigan case. The court there says, I'm going to give you $0. I think you were essentially useless, and you didn't do anything, and this court said, go back, take another look. There are thousands of pages of time submissions. There is detailed evidence about your contributions, and to go back to Mr. Issacharoff's point, we just have nothing at all like that here because Cozen never put that evidence to the court, and I want to be very clear that they did have that opportunity. It was never asked. When you say it never had the evidence, did it ever ask specifically? Cozen never filed a motion to put— That's formal, yes. Exactly, but when Judge Netburn was adjudicating the Havlisch motion, she was clear that anyone who thought they had a claim to a contribution to the Iran default could come forward, including Cozen. She says that at 24.03 of the special appendix. So do you agree with Mr. Issacharoff that the current status is that there is still remaining in the district court the order that asks Cozen now, effectively, how the Iran Common Benefit Fund should be structured and who has a claim, and they could respond to that by saying, actually, we deserve compensation for our contributions to the Iran default judgment? Absolutely, and they could submit their affidavit explaining what they did, why it contributed. They could give us their contemporaneous time records, and we could fight that out in the district court, and then it could be finalized, and we could come up here and discuss it with you on appeal. And you would not make some argument at some point that that's untimely? I don't think we would make the argument that it's untimely because— There's no time limit set by the magistrate judge, I could imagine, circumstances. No, and, in fact, the deadline to submit that evidence was formally stayed by the district court, so I don't think we could say that it's untimely, nor do I think that we would or that we would need to because, as I heard Mr. Carter today, he admitted that they didn't contribute to the Iran default judgment. So they don't think they can make that showing, and we would agree with that. Thank you so much. I appreciate your time. Thank you, Your Honor. Thank you, Your Honors. I just heard from the two classes of plaintiffs that you can still move in the district court to get money out of the Iran default judgment. That suggests that we're not faced with a final order that prevents you from recovering those monies. So why isn't that correct? What prevents you from making that motion? Your Honor, I think very clearly the dealings with the district court inform us that if we were to go to say that to the district court, Judge Knepper and Judge Daniels would look at us and say, why are you here again? We've heard all this. Then you could submit the transcript of this oral argument and say that's why we're here. I mean there's any number of cases where an appellant could say, oh, the district judge in some ruling in passing said, I don't think much of your argument, but there was never a final order. And the appellant could then come to us and say, well, it's pretty clear what the judge thinks of this, so why don't you take this as a final judgment? I mean we don't do that normally, do we? No, Your Honor, but I think in this case the issue is, again, the filing that we submitted in late 2019 was framed not only as a motion for reconsideration, but a proposal for the Common Benefit Fund. But that's kind of funky because simultaneously you are arguing that it was premature. No, I'm sorry, Your Honor. There was a development. We were arguing it was premature up until the late stages of 2019 because there was no source of recovery that would have provided an adequate corpus to actually create a Common Benefit Fund. That was round one. Well, that was round one and into 2019. It changed in November of 2019 when Congress amended the fund, amended the statute, and opened it up very broadly to the 9-11 community and eliminated a prior exclusion that prevented people who had taken money from the original Victims' Compensation Fund from participating. And in light of that, we said to the Court at the end of 2019, in light of what just happened, we agree that the Court should go forward and create a Common Benefit Fund. We do not agree that this Common Benefit Fund should provide compensation solely for gathering evidence for the Iran default. You have two arguments. One is that really there should not have been an Iran-only Common Benefit Fund. All these funds should go into an overall Common Benefit Fund instead. I thought you also suggested that even if there is an Iran-only Common Benefit Fund, you did help contribute to the Iran default judgment. But regardless of those arguments, I guess my thought is why isn't there a lack of a final decision to restrict to either one? So like on the second one, we've said, well, you can go back to the district court and say actually we contributed to the Iran default judgment and we should get some fees. And it seems like the other side at least agrees that you could do that. And even on the second one, if you wanted to wait until it's appropriate to establish an overall Common Benefit Fund, would anything stop the district court from drawing on the recoveries that have happened so far with respect to Iran for funding that fund, despite the fact that there's a settlement with some parties? Again, Your Honor, I think it's a — it flows from the Court's rulings in considering the Common Benefit Fund. And again, the appellee is from Motley, Rice, Kreindler & Kreindler and Anderson-Kill. But even if it flows, I guess — Well, so the Court said — This is the effective — The Court considered whether things like sustaining the client relationships, developing the body of law, producing congressional action that drew additional plaintiffs, had a sufficient nexus to the Iran default and Iran recoveries to sustain common benefit compensation. And we asked for an opportunity to present all of the evidence, what we did on those fronts, to the Court. The Court said, I'm not taking all of that. All I want to see is the evidence relating to your role in, in Judge Daniel's words, time spent preparing evidence that led to the initial default judgment against Iran. That very narrow framing of what the Court was willing to consider for purposes of creating a Common Benefit Fund and what it was willing to compensate necessarily meant everything else is out. Thank you very much. I think we've got the arguments well in mind. We'll reserve the decision.